UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| **REGINALD PORTER** | ) | |
| | ) | **Case Number** |
| **Plaintiff** | ) | |
| | ) | **CIVIL COMPLAINT** |
| vs. | ) | |
| | ) | |
| **LAW OFFICES OF** | ) | |
| **BRACHFELD AND** | ) | |
| **ASSOCIATE a/k/a** | ) | |
| **THE BRACHFELD LAW** | ) | |
| **GROUP, PC** | ) | **JURY TRIAL DEMANDED** |
| **Defendant** | ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Reginald Porter, by and through his undersigned counsel, Sarah K. Hall, Esquire complaining of Defendant, and respectfully avers as follows:

## I. INTRODUCTORY STATEMENT

1. Plaintiff, Reginald Porter, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District and Defendant transacts business in this District and maintains a primary office in the District.

### III. PARTIES

4. Plaintiff, Reginald Porter, is an adult natural person residing at 36 Dover Road, Charleston, Maine 04422. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Law Offices of Brachfeld and Associates, a/k/a, The Brachfeld Law Group, PC ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Maine, with its principal place of business located at 20300 S. Vermont Ave., Suite 120, Torrance, CA 90502-1338.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. Approximately one (1) year ago, Plaintiff retained the services of the law firm of Persels & Associates, LLC to help aid him in the settlement of his unsecured debt.

8. In or around February, 2010, Plaintiff started to receive calls from Defendant in regards to a debt allegedly owed to Bank of America.

9. Defendant could not give a definitive amount as to what the Plaintiff owed on this debt.

10. At that time, Plaintiff informed Defendant that he was with Persels and that they would need to contact them directly on this matter.

11. Defendant refused to contact Persels and stated that they would continue to call the Plaintiff on this matter.

12. Plaintiff's mother also received a call from Defendant regarding the outstanding account.

13. Defendant told the Plaintiff that she needed to have her son call them immediately to take care of this matter.

14. On or about February 11, 2010, Persels sent a "cease and desist" letter to the Defendant informing them to cease all further contact with the Plaintiff pursuant to The Fair Debt Collections Practices Act.  **See Exhibit "A" (letter) attached hereto.**

15. On or about February 12, 2010, Persels sent a second (2nd) "cease and desist" letter to the Defendant.  **See Exhibit "B" (letter) attached hereto.**

16. Plaintiff continued to receive calls from Defendant throughout the month of February, 2010.

17. Defendant and their agents continuously refused to work with Persels and demanded that the Plaintiff make payment arrangements with them.

18. On or about February 26, 2010, Persels sent a third (3rd) "cease and desist" letter to the Defendant.  **See Exhibit "C" (letter) attached hereto.**

19. Defendant continued to try and collect on this account despite the receipt of three (3) letters informing them to contact Persels directly on settlement negotiations for the Plaintiff.

20. On or about April 1, 2010, Persels sent a fourth (4th) "cease and desist" letter to Defendant. **See Exhibit "D" (letter) attached hereto.**

21. In or around the second week of June, 2010, Defendant's agent, "Ken", called Plaintiff and told him that he had spoken with someone at Persels and that they informed him that they did not represent the Plaintiff.

22. Plaintiff ended the call with Defendant's agent and called Persels to see why they would have told the Defendant that he was no longer a client.

23. Persels reassured the Plaintiff that Defendant's agent, "Ken" never called them and he is still a client.

24. Plaintiff called Defendant's agent, "Ken", back and informed him that he had called Persels and that they have no record of his call.

25. Defendant's agent, "Ken", stated that was a bold face lie.

26. On or about June 23, 2010, Plaintiff received another call from Defendant still trying to get payment on this account.

27. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

28. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and

their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

29. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

30. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

31. The above paragraphs are hereby incorporated herein by reference.

32. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

33. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | | |
|---|---|---|
| §§ 1692b(2) | Contact of a Third Party: Stated that the consumer owes any debt |
| §§ 1692b(6) | Contact of a Third Party: After knowing the consumer is represented by an attorney |
| §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |

| | |
|---|---|
| §§ 1692c(c) | After written notification that the consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692c(b) | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information on a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Law Offices of Brachfeld and Associates, a/k/a, The Brachfeld Law Group, PC for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.       Such additional and further relief as may be appropriate or that the interests of justice require.

## V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**Sarah K. Hall, Esquire**

**Date: September 9, 2010**       **BY:** */s/ Sarah K. Hall*
Sarah K. Hall, Esquire

Sarah K. Hall, Esquire
PO Box 755
Brunswick, ME 04011